Lipscomb, J.
The.appellant asks a reversal of the judgment of the court below on the ground that the court overruled his exception to the defendant’s special answer setting up facts as forming exceptions to his liability as a common carrier.
The case presents the following inquiries for our consideration: Does the fact that the owner is apprised at the time he delivers his cotton and receives the bill of lading that it is the custom that cotton and other freight conveyed upon the river is to be conveyed in open boats exposed to the rain whilst on its way to the point of discharge, form an exception to the common doctrine of the law of common carriers, and exempt the carrier from such damage as result from the cotton being exposed to rains whilst on board? As to the general doctrine of the liability of a common carrier there is no controversy. Nor is there any as to the parties sued in this case being liable, whatever that liability may be, as common carriers. But the defendants claim tile exception as above stated. The exception is believed to be novel, and lienee the want of the authority of precedent. But it does seem to address itself to the favorable consideration of the court as being- well founded in reason and the necessary result of the circumstances attending it. The river on whicli tiie freight was conyeyed, the particular structure of the craft supposed to be the only practicable one for its navigation, and the only one employed, and all this known to the owner of the cotton at the time he delivers it on board, does seem to create an implied exception in favor of .the carrier that lie is not liable to answer for damage created and caused by rain that the owner of the cotton was well apprised that he could not guard against.
In countries old and well-improved the mode of conveyance is bettei adapted to the security of the freight against the effects of rain, and a case of *174 this kind could not readily occur. It is believed, however, that this distinction and exception lias been recognized and sustained by the Supreme Court of Mississippi in the case of Whitesides v. Turkhill, 12 Smedes & Marshall, 599. The exception is believed, too, to derive aid from its analogy to a general warranty of soundness of property, which, it is well settled, does not."extend to a defect palpable to the eye and welL known to the purchaser at the time he. makes the purchase.
The exception claimed docs not conflict, in any degree, with the opinion of this court in the case of Chevaillier v. Straham, 2 Tex. R., 124. Had the damage sued for in that case been the result of rain on the cotton whilst it was being transporled in an open wagon, the case would have been parallel; but the damage remitted in that ease from a cause that the owner could not have apprehended any danger from, and of which lie could not be required to incur the risks, aud it properly rested on the carrier.
We believe that there is no error in the judgment of the court below, and it is affirmed.
Judgment affirmed.
Note 65. — The case of Chevallier v. Patton was a particular and excepted case, having especial find exclusive reference to that particular mode of transportation — in open flatboats. (Philleo v. Sanford, 17 T., 227.)